**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARLOS HENSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-30 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| MR. VENERABLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant David Mansfield's motion to dismiss [45] Plaintiff Carlos Hensley's first amended complaint [15]. For the reasons set forth below, Mansfield's motion to dismiss [45] is denied. The case is set for further status hearing on February 11, 2020 at 9:00 a.m.

**I.    Background[1]**

Plaintiff Carlos Hensley ("Hensley") is a prisoner at Stateville Correctional Center ("Stateville"), a prison within the Illinois Department of Corrections (IDOC). [15 at ¶ 1.] Starting no later than 2013, Hensley observed that he had a growing cyst on his upper back. [*Id.*, ¶ 11.] The cyst caused "him great pain and interfere[d] with the activities of daily life." [*Id.*]

Between 2013 and 2015, Hensley had a string of "initial medical visits" where he met with nurses and physician's assistants to diagnose his pain. [*Id.*, ¶ 13.] Beginning in 2014, Hensley began reaching out to and meeting with Dr. Obaisi, "a licensed physician and medical director for Stateville prison." [*Id.*, ¶¶ 12-13.] Three years after Hensley's diagnostic visits began, and two years after he first saw Dr. Obaisi, Dr. Obaisi finally began paying attention in October and

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Hensley's well-pleaded factual allegations and draws all reasonable inferences in Hensley's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

November of 2016. [*Id.*, ¶ 13.] Dr. Obaisi "observed and diagnosed Hensley's medical condition, took note of the length of time he had been suffering and the previous failed treatments." [*Id.*]

Unfortunately, at least initially, Dr. Obaisi simply "provided more of the same ineffectual treatment" even though he knew about the years of failed treatments that had preceded his diagnosis. [*Id.*, ¶ 14.] Not surprisingly, Hensley's condition worsened. [*Id.*, ¶ 15.] Accordingly, Hensley filed his first grievance on December 7, 2016 "detailing his years of suffering and the inadequate medical treatment he had received." [*Id.*, ¶ 16.] Hensley requested surgery in his grievance. [*Id.*] The grievance was denied on January 27, 2017, and the Administrative Review board upheld this denial on June 5, 2017. [*Id.*]

Roughly contemporaneously with the board's decision, though, Dr. Obaisi had a change of heart, recommending that Hensley have surgery on the cyst, and referring Hensley for further diagnostic testing. [*Id.*, ¶ 17.] An ultrasound, performed in October 2017, confirmed that surgery was necessary to remedy Hensley's debilitating condition. [*Id.*]. Unfortunately, these recommendations were never followed through on and Hensley never received surgery to remove the cyst. [*Id.*]

Hensley filed another grievance on December 18, 2017. [*Id.*, ¶ 18.] The grievance outlined his worsening extreme and debilitating pain, and complained of the medical staff's lack of attention to his condition. [*Id.*] The grievance explicitly called out Dr. Obaisi for failing to follow up on the multiple recommendations for surgery. [*Id.*] Soon thereafter, Dr. Obaisi died. See [*id.*, ¶ 2 n.1]; see also [*id.*, ¶¶ 12, 19]. No physician took over Hensley's care, but Hensley continued to reach out to Dr. Obaisi's staff for treatment. [*Id.*, ¶¶ 19, 12.]

Hensley filed the instant lawsuit pro se on January 2, 2018. See generally [1].

Defendant David Mansfield ("Mansfield") was a prison counselor and grievance officer at Stateville charged with reviewing Hensley's second grievance. [15, ¶¶ 3; 19.] Although Mansfield had Hensley's medical file before him, [*id.*, ¶ 29] he failed to make an investigation into the circumstances of Hensley's condition or treatment. [*Id.*, ¶ 19.] Indeed, "Mansfield knew that Dr. Obaisi was not treating Hensley * * * and that no physician had taken over Hensley's care after Dr. Obaisi's death." [*Id.*] On March 19, 2018, Mansfield denied Hensley's grievance, reasoning that Hensley "appear[ed] to be receiving medical care at [the] time." [*Id.*, ¶ 20.] This denial was upheld by the Chief Administrative officer later that month. [*Id.*]

Hensley has yet to receive surgery or any other adequate treatment for this cyst. [*Id.*, ¶¶ 21, 24.] His various requests and complaints since the denial of his second grievance have heretofore been unanswered. [*Id.*, ¶¶ 22–23.]

After being appointed counsel [4], Hensley filed his first amended complaint [15] in August 2018, which states a single count of deliberate indifference to his medical needs. [*Id.*, ¶¶ 25–32.] Mansfield moved to dismiss the operative complaint [45] as it pertains to him. Although Hensley responded [50], Mansfield did not file a reply brief.

## II.     Legal Standard

"In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" See, *e.g.*, *Lodholtz v. York Risk Serv. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's complaint needs not include "detailed factual allegations," but it must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Thus, the complaint must include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). At this stage, the Court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016)).

**III. Analysis**

The Eighth Amendment's proscription against cruel and unusual punishment "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Accordingly, 'deliberate indifference to serious medical needs' of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Id.* (quoting *Estelle*, 429 U.S. at 104). A deliberate-indifference claim consists of both an objective and a subjective element. See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The plaintiff must be able to establish both (1) that he suffered an objectively serious medical condition and (2) that the defendant acted with deliberate indifference to that condition. *Id.* Mansfield does not contest the first prong, and moves to dismiss on the ground that Hensley has insufficiently pled Mansfield's deliberate indifference.

A prison official is deliberately indifferent "where an official realizes that a substantial risk of serious harm to a prisoner exists, but disregards it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Farmer*, 511 U.S. at 837); see also *id.* at 777 ("The deliberate indifference standard reflects a mental state somewhere between the culpability poles of negligence and purpose, and is thus properly equated with reckless disregard.") "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turn[s] a blind eye to it." *Id.* at 781 (citing *Vance v. Peters*, 97 F.3d 987, 992–93 (7th Cir.1996))

4

(internal quotation marks omitted). "[O]nce an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, 'refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.'" *Id.* at 782 (quoting *Vance*, 97 F.3d at 993).

Generally speaking, non-medical staff's reasonable reliance on the medical opinions of medical staff does not constitute deliberate indifference. See, *e.g.*, *Flournoy v. Ghosh*¸ 881 F. Supp. 2d 980, 990 (N.D. Ill. 2012) (citing several Seventh Circuit cases). But, as the Court has repeatedly noted, "[t]here can be no reasonable reliance on the judgment of a medical staff where it is obvious that the staff is failing to exercise its medical judgment." *Cobb v. Fitch*, 2015 WL 9315538, at *6 (N.D. Ill. Dec. 23, 2015); see also *Ruiz v. Williams*, 144 F. Supp. 3d 1007, 1013 (N.D. Ill. 2015) (same) (quoting *Martinez v. Garcia*, 2012 WL 266352, at *5 (N.D. Ill. Jan. 30, 2012)). Thus, deliberate indifference claims against non-medical staff regularly survive motions to dismiss when the complainant alleges that the non-medical staff failed to act on a grievance detailing inadequate (or nonexistent) medical care. *Perez*, 792 F.3d at 782 (denying non-medical defendant's motion to dismiss where "[t]he complaint alleges that the named defendants each obtained actual knowledge of [plaintiff's] objectively serious medical condition and inadequate medical care through [plaintiff's] coherent and highly detailed grievances and other correspondences. It also alleges that each of these officials failed to exercise his or her authority to intervene on [plaintiff's] behalf to rectify the situation, suggesting they either approved of or turned a blind eye to his allegedly unconstitutional treatment."); *Cobb*, 2015 WL 9315538, at *6 (denying non-medical defendant's motion to dismiss when the "[p]laintiff stated in his grievances, which [the defendant] reviewed, that [medical staff] was not addressing his problems, that his outside doctors told him he needed to see a specialist, and that he was in severe pain."); see also *Ruiz*, 144 F. Supp. 3d at 1013–15

(denying non-medical defendant's motion to dismiss when plaintiff filed multiple grievances indicating that several years of treatment were ineffective and that he was in severe pain).

Here, Hensley has alleged sufficient facts from which the Court can infer that Mansfield realized there was a serious risk of harm and turned a blind eye to it. The grievance and medical record, which Mansfield read, outlined how Hensley had been in severe pain for years, at least two medical professionals (including Stateville's medical director) recommended surgery, and medical staff ignored their own recommendations and continued with their ineffective care. Accepting Plaintiff's version of the facts as true, as the Court must at this stage of the case, when faced with this information, Mansfield turned a deaf ear to Hensley's complaints, denying the grievance. Mansfield's conclusion is particularly hard to justify given that Dr. Obaisi died right around the time that Hensley filed his grievance, and Mansfield should have observed that Hensley did not have a treating physician. These allegations state an Eighth Amendment claim against Mansfield in that he "failed to exercise his * * * authority to intervene on [Hensley's] behalf to rectify the situation, suggesting [he] either approved of or turned a blind eye to his allegedly unconstitutional treatment." See *Perez*, 792 F.3d at 782 (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)); see also *Cobb*, 2015 WL 9315538, at *6; *Ruiz*, 144 F. Supp. 3d at 1015.

Mansfield's arguments to the contrary are unconvincing. First, he claims that there are not facts from which the Court can infer that Mansfield acted deliberately indifferently to Hensley's lack of treatment, because Mansfield reviewed the medical file. [45 at 5–6.] But this analysis has it backwards: Mansfield denied Hensley's grievance even though the file explained that: (1) Hensley suffered with an untreated and debilitating condition for years; (2) multiple medical professionals recommended surgery months prior; (3) surgery was not forthcoming; and (4) Hensley's treating physician had died with no one filling the gap. As explained above, such

conduct amounts to "turn[ing] a blind eye" and is thus actionable. *Perez*, 792 F.3d at 782. Likewise, Mansfield's argument that he cannot be held personally liable for denying a grievance, [45 at 6], flies in the face of Seventh Circuit precedent and the Court's previous opinions. *Perez*, 792 F.3d at 782; *Cobb*, 2015 WL 9315538, at *6; *Ruiz*, 144 F. Supp. 3d at 1015.

### IV. Conclusion

For the reasons set forth above, Defendant David Mansfield's motion to dismiss [45] Plaintiff Carlos Hensley's first amended complaint [15] is denied. This case is set for further status hearing on February 11, 2020 at 9:00 a.m.

Dated: January 23, 2020

_____
Robert M. Dow, Jr.
United States District Judge